**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

LEVON MANLEY,                                  )
                                               )
            Plaintiff,                         )
                                               )
      vs                                       )      Civil Action No. 2:24-1040
                                               )      Magistrate Judge Patricia L. Dodge
JOHN WETZEL, et al.,                           )
                                               )
            Defendants.                        )

## MEMORANDUM OPINION

Plaintiff Levon Manley ("Manley"), a prisoner who is incarcerated in the State Correctional

Institution at Fayette, Pennsylvania ("SCI Fayette"), brought this pro se civil rights action pursuant

to 42 U.S.C. § 1983 against multiple defendants.

Presently before the Court is Defendants' motion to dismiss the Amended Complaint (ECF

No. 51). For the reasons that follow, their motion will be granted.[1]

## I.    Procedural History

Manley initiated this case by submitting a motion to proceed in forma pauperis. The motion

was granted and the Complaint was docketed on October 18, 2024 (ECF No. 7). In the original

Complaint, Manley named as defendants former Department of Corrections Secretaries John

Wetzel and George Little, SCI Fayette Superintendent Eric Armel, Deputy Superintendents Tina

Walker and Joseph Trempus and numerous officers. The Complaint described multiple incidents

occurring between October 13, 2021, when Manley arrived at SCI Fayette, and January 21, 2023.

These incidents primarily involve being moved from one cell to another and searches of his person

and cell, actions which he alleges were undertaken for retaliatory reasons. Manley purported to

---

[1] The parties have fully consented to full jurisdiction by a magistrate judge pursuant to 28 U.S.C.
§ 636(c)(1). (ECF Nos. 26, 27.)

raise claims under the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983. He also raised a claim under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc to 2000cc-5 ("RLUIPA").

On January 31, 2025, Defendants filed a motion to dismiss (ECF No. 22) the Complaint. The Court subsequently issued a Memorandum Opinion (ECF No. 39) and Order (ECF No. 40) granting the motion and dismissing the Fourth, Eighth and Fourteenth Amendment and RLUIPA claims with prejudice and without leave to amend. Manley's First Amendment retaliation claims were dismissed without prejudice and with leave to amend.

Manley then filed an Amended Complaint (ECF No. 46), which limited his claims of First Amendment retaliation for incidents occurring between February 4, 2022 and July 14, 2022. He names eleven Defendants: Former Secretary John Wetzel, Superintendent Eric Armel, Deputy Superintendent Tina Walker, Major Robert Hawkinberry, Unit Manager Seth Erickson and Correctional Officers John Angelo, Cody Burnsworth, Jacob Maloberti, Sloan, Phillips and Angelo Jr.

On December 3, 2025, the eleven remaining Defendants filed a motion to dismiss the Amended Complaint (ECF No. 51), which has been fully briefed (ECF Nos. 52, 57).[2]

## II.    Facts Alleged in Amended Complaint[3]

The Amended Complaint alleges that Manley filed three grievances in February 2022 that complained about correctional officers at the prison not wearing masks. He specifically told Defendant Armel, the Superintendent at SCI Fayette, about this issue on February 4. After Armel

---

[2] Manley's brief in opposition attaches a series of grievances and other documents. These documents are not attached to the Amended Complaint and cannot be considered in connection with Defendants' motion to dismiss.

[3] As received from Manley, the Amended Complaint appears to be missing one page.  However, the factual history on which the Court relies to determine if he has stated a claim is complete.

remanded one of his grievances, Manley "began experiencing harassment by Defendants Phillips, Maloberti, Erickson and Burnsworth in the form of receiving Prison Legal News; Photo books and other mail late." (Am. Compl. ¶¶ 20-29.)

Manley alleges that he was searched by Defendant Sloan on or about March 16, 2022 allegedly for having a pen in his pocket. (*Id.* ¶ 31.) While walking back to his Unit, Manley heard Sloan tell other officers "it's us against them." (*Id.* ¶ 32.) On March 18, Manley heard Unit Manager Erickson call for Sloan using words directly from Manley's grievance against him. (*Id.* ¶ 34.)

Immediately thereafter, Manley was told he had to move to another cell, but he was unable to find out where or why. When he asked Erickson if this was related to his grievance, Erickson said "I'm going to beat it, there's an institutional need for that bed space, did [Manley] want him to inconvenience someone else?" (*Id.* ¶¶ 35-36.) Manley then encountered Defendant Phillips, who became aggressive and said to him "do you want more grievances to complain on? Now go pack your property!" (*Id.* ¶ 38.)

When Manley was moved to CB Pod, Burnsworth told him "don't bring that grievance shit over here!" Maloberti and Burnsworth harassed him, saying "it's only one of you, it's plenty of us." (*Id.* ¶¶ 40-41.)

Manley wrote to both Wetzel and Armel about these acts of retaliation, but nothing was done. (*Id.* ¶¶ 42-43.) He told Major Hawkinberry that Angelo, Burnsworth and Phillips moved him in retaliation for making inquiries and filing a grievance. Hawkinberry's response was "ain't nobody retaliating against you, we can move you anytime we want you stay complaining!" (*Id.* ¶¶ 45-46.)

On April 15, 2022, Manley spoke directly to Defendant Walker, who told him to file a request regarding the retaliatory cell move, and he filed a request with Walker and Erickson. Defendant Angelo thereafter threatened to send Manley to the RHU for not securing a cell door that was already secured. Erickson came to Manley's cell door and told him to "keep it up," referring to his filing of grievances. (*Id.* ¶¶ 48-51.)

Sloan vigorously patted Manley down on May 24 and told him "I bet you won't do that again!" in reference to his grievance. (*Id.* ¶ 53.)

Burnsworth began telling other inmates that Manley was a "snitch" so that they would assault him. He then approached Manley and asked if he wanted to return to CA Pod and when Manley refused, Burnsworth said "they'd make him pay!" (*Id.* ¶¶ 54-55.)

On June 1, 2022, Burnsworth came over the intercom and asked why Manley had filed a grievance against him and Angelo. Immediately thereafter, Angelo Jr. did not let Manley out of his cell until 1:11 pm for his scheduled 1:00 law library time. (*Id.* ¶ 56.) A few days later, Angelo Jr. discarded Manley's commissary slip and Manley filed a grievance against him. (*Id.* ¶ 57.) On June 24, Angelo Jr. opened all the cells around Manley for recreation time except his and when Manley complained, Angelo Jr. said "he didn't care." Angelo Jr. and Burnsworth began laughing. (*Id.* ¶ 59.)

On July 7, 2022, Erickson "covered up that Defendant Angelo Jr. was officer referred to in Manley's June 6, 2022 grievance." (*Id.* ¶ 60.) Erickson also covered up that Maloberti was the officer referred to in Manley's June 9 grievance. (*Id.* ¶ 61.) On July 14, Manley received a response to his grievance against Sloan, who destroyed video evidence of the incident. (*Id.* ¶ 62.)

As relief, Manley seeks compensatory and punitive damages of millions of dollars against assorted groups of defendants, as well as declaratory judgments that Defendants violated his rights.

(Am. Compl. at 19-22.)

## III.    Standard of Review

"Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). "This requires a plaintiff to plead "sufficient factual matter to show that the claim is facially plausible," thus enabling "the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)). While the complaint "does not need detailed factual allegations ... a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

As noted by the Third Circuit in *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011), a 12(b)(6) inquiry includes identifying the elements of a claim, disregarding any allegations that are no more than conclusions and then reviewing the well-pleaded allegations of the complaint to evaluate whether the elements of the claim are sufficiently alleged. When dismissing a civil rights case for failure to state a claim, a court typically must allow a plaintiff to amend a deficient complaint, irrespective of whether it is requested, unless doing so would be "inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007). "An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Alston v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000).

"A document filed *pro se* is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation and quotation marks omitted); *see also Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a pro se litigant's pleadings is well-established.").

## IV.    Discussion

Manley brings his constitutional claims under 42 U.S.C. § 1983. As noted in the Court's prior Memorandum Opinion (ECF No. 39), to advance his § 1983 claims, Manley must establish that one or more of the Defendants, acting under color of state law, deprived him of a right secured by the United States Constitution. *See Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995).

Here, Manley alleges retaliation claims in violation of his First Amendment rights. He contends that after he filed various grievances, some of the Defendants retaliated against him in various ways. He does not allege that Defendants conspired to deprive him of his constitutional rights.

Defendants contend that based on Manley's allegations, they discern two distinct claims: various First Amendment retaliatory acts by Sloan, Erickson, Phillips, Burnsworth, Angelo, Maloberti and Angelo Jr. because Manley filed several grievances; and First Amendment retaliatory acts by Wetzel, Walker, Armel and Hawkinberry for failing to prevent these acts as supervisors. (ECF No. 52 at 4-5.) They assert, among other things, that Manley has failed to state a claim on which relief can be granted. The Court will address each of these claims below.

A. <u>Retaliation Claims Against Sloan, Erickson, Phillips, Burnsworth, Angelo, Maloberti and Angelo Jr.</u>

A retaliation claim requires allegations that (1) the plaintiff engaged in a constitutionally protected activity; (2) he suffered an adverse action by a state actor that was sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) the protected activity was a substantial or motivating factor in the state actor's decision to take adverse action. *See Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001).

The Corrections Defendants do not dispute that Manley meets the first element of a First Amendment claim. *See Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) (filing grievances is conduct protected by the First Amendment). *See also Watson v. Rozum*, 834 F.3d 417, 423 (3d Cir. 2016) (retaliation against prisoner who requested form to file a grievance was similarly prohibited). They argue, however, that Manley's claims against Defendants Sloan, Erickson, Phillips, Burnsworth, Angelo, Maloberti and Angelo Jr. are nonetheless deficient on several grounds.

A complaint must plead each defendant's personal involvement in the alleged retaliation. *See, e.g.*, *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). That is because, as stated in the text of § 1983 itself, only a person who "subjects, or causes to be subjected" another person to a civil rights violation can be held liable under § 1983. Thus, each defendant can be held liable only for his or her own conduct. *See, e.g.*, *id.*; *see also Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016); *Barkes v. First Correctional Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *rev'd on other grounds sub. nom. Taylor v. Barkes,* 575 U.S. 822 (2015).

Moreover, as Defendants argue: "It is well established that verbal harassment or threats of the sort detailed above will not, without some reinforcing act accompanying them, state a constitutional claim." *Maclean v. Secor*, 876 F. Supp. 695, 698 (E.D. Pa. 1995) (citations omitted).

*See also Prisoners' Legal Ass'n v. Roberson*, 822 F. Supp. 185, 189 (D.N.J. 1993) ("verbal harassment does not give rise to a constitutional violation enforceable under § 1983.") The Court agrees that Manley cannot state a claim based on verbal comments, threats or harassment. To be clear, while such statements may be supportive of retaliatory animus, they do not support a stand-alone claim of retaliation.

With that background, the Court turns to Manley's claims against the non-supervisory Defendants. Putting aside Manley's multiple references to comments made by various Defendants, which are not actionable, a review of the Amended Complaint attributes certain allegedly retaliatory conduct between March and June 2022 to each of the non-supervisory Defendants:

- Defendants Phillips, Maloberti, Erickson and Burnsworth are alleged to have delivered his mail, photos and prison legal news late.

- Defendant Sloan is alleged to have pat searched Manley once in March 2022 and denied him recreation because he had a pen in in his pocket. He is also alleged to have conducted a pat search in May 2022.

- Defendants Erickson, Angelo, Burnsworth, Maloberti and Phillips had Manley moved one time to another cell.

- Defendant Angelo, Jr, did not let Manley out of his cell until 11 minutes after 1 p.m. for Manley's scheduled law library time and on another occasion did not let him out for scheduled recreation time in a timely manner. He also discarded his commissary slip.

Defendants argue, as they did in their previous motion to dismiss, that inmates have no right to be housed in a particular area of a facility, *Mays v. Kosinski*, 86 A.3d 945, 949 (Pa. Commw. 2014), and that cell and prisoner searches are frequent activities within a prison.

"Retaliation may be actionable, however, even when the retaliatory action does not involve a liberty interest." *Allah v. Seiverling*, 229 F.3d 220, 224 (3d Cir. 2000). *See also Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001) (holding that the relevant question in a retaliation case is not whether the prisoner had a "protected liberty interest in the privileges he was denied, but whether he was denied those privileges in retaliation for exercising a constitutional right."); *McKee v. Hart*, 436 F.3d 165, 170 (3d Cir. 2006) (noting that alleged retaliatory conduct need only be more than *de minimis*).

Nevertheless, conduct that is not "sufficiently adverse to deter a person of ordinary firmness from pursuing grievances" cannot form the basis of a retaliation claim. *See Huertas v. Sobina*, 476 F. App'x 981, 984 (3d Cir. 2012) (purported conduct of interfering with inmate's personal mail, confiscating his photographs, and interfering with his receipt of funds was not sufficiently adverse). *See also Bullock v. Buck*, 611 F. App'x 744, 747 (3d Cir. 2015) (prisoner's transfer from prison laundry job to dining hall job, without an allegation that he suffered worse treatment in the dining hall, was not sufficiently adverse); *Burgos v. Canino*, 358 F. App'x 302, 306-07 (3d Cir. 2009) (urinalysis, harassment, threats, temporary inconveniences and denial of one-hour recreation period were not sufficiently adverse); *Potter v. Fraser*, 2011 WL 2446642, at *8 (D.N.J. June 13, 2011) ("Plaintiff asserts that certain defendants searched his cell on two occasions, threw his T-shirt in the garbage, and confiscated his commissary purchases, in retaliation for his grievances. However, the retaliation claims fail because these actions were not sufficiently adverse.")

As a review of the Amended Complaint shows, while Manley claims that each of the Defendants engaged in retaliatory acts, he fails to plead any facts to support a claim that any of

9

this conduct was sufficiently adverse to deter him from pursuing grievances.[4] While he claims to have been transferred to another cell on one occasion, he does not allege that the conditions in the cell to which he was transferred were worse or deficient in any way (such as a lack of sanitation or extreme temperatures). Similarly, his other allegations of retaliation also fail to identify conduct that was sufficiently adverse. He claims to have been searched on two occasions several months apart. Searches are relatively commonplace in a correctional institution and as described, the nature of the searches does not reflect conduct that is sufficiently adverse to deter him from pursuing grievances. His other complaints, i.e., late delivery of his mail, losing eleven minutes of allotted library time on one occasion, losing recreation time on one occasion and the one-time destruction of his commissary slip, fail to support a claim of retaliation. As with his other allegations of wrongdoing, this conduct does not rise to the level of sufficiently adverse actions.

Therefore, because Manley has failed to allege facts that support one of the requisite elements of First Amendment retaliation claims against Defendants Sloan, Erickson, Phillips, Burnsworth, Angelo, Maloberti and Angelo Jr., these claims must be dismissed.[5]

    B. <u>Failure to Act Claims Against Defendants Wetzel, Walker, Armel and Hawkinberry</u>

Manley also alleges that Defendants Wetzel, Walker, Armel and Hawkinberry all failed to act when he advised him of the various acts of retaliation.

There are only three ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates: if the supervisor: (1) directed the subordinate to take the action in question; (2) had "knowledge of and acquiesced" in the subordinate's

---

[4] In fact, the Amended Complaint reflects that Manley continued to file multiple grievances between March and June 2022, the same time frame during which he alleges that Defendants were engaged in retaliation.

[5] Because Manley's claims fail for this reason, the Court need not address Defendants' arguments about the lack of personal involvement.

10

unconstitutional conduct, meaning the supervisor knew that his or her subordinate was violating the plaintiff's rights but failed to stop the subordinate from doing so; or (3) with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused the violation. *See, e.g., A.M. ex rel. J.M.K. v. Luzerne Cnty. Juv. Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (citation omitted); *Rode*, 845 F.2d at 1208.

Here, because Manley has failed to plausibly plead a claim of retaliation against any of the other Defendants, his claims that Defendants Wetzel, Walker, Armel and Hawkinberry failed to act despite learning of the alleged retaliation necessarily fails, requiring their dismissal.

C.   Allowing Amendment

The Court of Appeals has held that "district courts must offer amendment—irrespective of whether it is requested—when dismissing a [pro se civil rights] case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007). *See also Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). In this case, it would be futile to allow amendment. Manley has already amended his Complaint once and no description of the facts pleaded herein would raise them to the level of sufficiently adverse actions to state a claim for retaliation under the First Amendment.

## V.   **Conclusion**

For all of these reasons, Defendants' Motion to Dismiss (ECF No. 51) will be granted with prejudice.

An appropriate order follows.

Date: July 15, 2026                                s/Patricia L. Dodge
                                                   PATRICIA L. DODGE
                                                   UNITED STATES MAGISTRATE JUDGE